United States District Court
Southern District of Texas
**ENTERED**
June 09, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| REBECCA SIMONTON, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:23-cv-02184 |
| | § | |
| HOUSTON METHODIST | § | |
| CONTINUING CARE HOSPITAL, | § | |
| *Defendant*. | § | |

## JUDGE PALERMO'S ORDER AND REPORT AND RECOMMENDATION[1]

Before the Court are Defendant Houston Methodist Continuing Care Hospital's ("Defendant" or "Houston Methodist") motion for summary judgment, ECF No. 47;[2] and Plaintiff Rebecca Simonton's ("Plaintiff" or "Simonton") motion

---

[1] On August 16, 2024, the district judge assigned to this case referred it to this Court for all pretrial purposes pursuant to 28 U.S.C. § 636(b). Order, ECF No. 36. A motion for summary judgment is appropriate for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1), *Byrd v. Liberty Ins. Corp.*, No. 5.17-CV-209, 2019 WL 184096, at *1 (S.D. Tex. Jan. 14, 2019) (adopting report and recommendation on summary judgment motion). In contrast, a "Rule 36(b) motion to withdraw or amend deemed admissions is a non-dispositive, pretrial discovery matter, and a magistrate judge may therefore properly consider such a motion by order rather than by report and recommendation for consideration by the District Court." *Onosode v. Equifax Info. Servs., LLC*, No. 420CV00951SDJCAN, 2022 WL 19380561, at *1 n.1 (E.D. Tex. July 21, 2022) (collecting cases). Likewise, a motion for leave to amend is not dispositive and appropriate for ruling by an order. *Talbert v. Am. Risk Ins. Co., Inc.*, 405 F. App'x. 848, 851 (5th Cir. 2010) (holding that a motion to amend the pleadings is a non-dispositive matter that a magistrate judge may rule on it by order); *Dalrymple v. United States Postal Serv.*, Civ. Action No. 18-14237, 2020 WL 1181845, at *2 (E.D. La. Mar. 12, 2020) ("[A] magistrate judge's granting of leave to amend a complaint is a nondispositive matter under Rule 72(a) for which a magistrate judge may issue an order, and not merely a report and recommendation.") (collecting cases).

[2] Plaintiff filed a response, ECF No. 54, and Defendant filed a reply, ECF No. 60.

for leave to amend her complaint, ECF No. 52,[3] and motion to withdraw deemed admissions, ECF No. 53.[4] Having thoroughly considered the pleadings, motions, and applicable law, the Court grants the motion to withdraw deemed admissions as to legal conclusions but denies it as to the remaining admissions, denies Plaintiff's motion for leave to amend as untimely, and recommends that the motion for summary judgment be granted.

## I.    BACKGROUND

Plaintiff alleges that Defendant hired her in December 2020 as a Patient Access Scheduling Representative. Pl.'s Original Pet., ECF No. 1-1 ¶ 10. She further alleges she was diagnosed in December 2019 with Postural Orthostatic Tachycardia Syndrome ("POTS"), which forces her to rely on a mobility scooter and causes her to experience "severe lightheadedness coupled with fainting, blurry vision, difficulty thinking, headache, tremors, nausea, and fatigue." *Id.* ¶ 9.

Plaintiff alleges that she was assigned to work remotely from April 23, 2021 through November 2021. *Id.* ¶ 13. She also asserts that, while working from home, she experienced technical issues with her work computer and that, when she informed her supervisors of the issues, she was blamed for the problems and that a solution was never provided. *Id.* ¶ 14. Plaintiff further alleges that when her

---

[3] Defendant filed a response, ECF No. 56, and Plaintiff filed a reply, ECF No. 59.

[4] Defendant filed a response, ECF No. 55, and Plaintiff filed a reply, ECF No. 58.

employer instructed her to return the equipment back to her work site, she explained to her supervisor, Jalen Pauling ("Pauling"), that she was unable to do so because of her POTS but that Defendant failed to provide a "reasonable accommodation" for her to return the equipment. *Id.* ¶¶ 14–15.

Plaintiff additionally asserts that, on April 26, 2022, she was approved for intermittent leave under the Family Medical Leave Act ("FMLA"), but her employer allegedly scheduled her to attend a conference on April 28, 2022, during her approved leave, and called her multiple times that day asking about her absence. *Id.* ¶¶ 16–17. Plaintiff also alleges that, on May 2, 2022, she had a meeting with Defendant's director, Amira Welch, ("Welch") where she "made a formal complaint of the discriminatory treatment that she had received from Defendant's agents." *Id.* ¶ 19. Welch allegedly refused to help Plaintiff, told her that she "would not receive support from management because they do enough," and "instructed Plaintiff to get back to something easier she could understand." *Id.* Plaintiff alleges that, on May 4, 2022, Welch demoted her to a Scheduler position at the Referral Management Center ("RMC") and issued her a written reprimand containing false allegations. *Id.* ¶ 20.

On May 10, 2022, Plaintiff was granted continuous FMLA "due to the severity of her POTS disability." *Id.* ¶ 21. "On June 09, 2022, Plaintiff observed that there was an error with her paycheck and promptly notified Defendant." *Id.* ¶ 22.

Plaintiff brought causes of action for disability discrimination, disability

retaliation, FMLA interference, and FMLA retaliation.[5] *Id.* at 7–12. Defendant filed a motion for summary judgment, arguing that: Plaintiff was not employed by Defendant and should have sued Houston Methodist Physician Organization ("HMPO") instead; Plaintiff cannot establish disability discrimination or disability retaliation; and Plaintiff cannot establish FMLA interference or FMLA retaliation. ECF No. 47. Plaintiff thereafter filed a motion for leave to amend her complaint to add HMPO as a defendant. ECF No. 52.

## II. PLAINTIFF'S MOTION TO WITHDRAW DEEMED ADMISSIONS IS GRANTED TO THE EXTENT LEGAL CONCLUSIONS ARE DEEMED ADMITTED BUT OTHERWISE DENIED BECAUSE SHE FAILED TO MOVE FOR WITHDRAWAL IN A TIMELY MANNER.

Plaintiff filed her motion to withdraw deemed admissions on April 7, 2025. ECF No. 53. The admissions were deemed admitted because Plaintiff's prior counsel failed to answer the propounded discovery. *See* ECF No. 55 at 4; FED. R. CIV. P. 36. Present counsel appeared in the case days after the deadline to respond expired and requested an extension. ECF No. 53 at 2. Defendant granted the extension to respond to the discovery requests but informed new counsel that the admissions would be deemed admitted in any event. ECF No. 55 at 4. The admissions were deemed admitted over a year (16 months) before the motion to withdraw them was filed. *See*

_____

[5] Although Plaintiff's Equal Employment Opportunity Commission Charge of Discrimination ("EEOC charge") includes a checked box for race and national origin, ECF No. 47-3 at 2, her complaint does not mention race or national origin discrimination as a cause of action. Therefore, the Court only considers disability discrimination when analyzing Plaintiff's discrimination claim.

*id.* at 3; ECF No. 53. Moreover, the motion was filed nearly three months *after* the discovery cutoff of January 13, 2025, 2d Am. Docket Control Order, ECF No. 42, and Defendant's filing of its motion for summary judgment, which was based, in part, on those deemed admissions, ECF No. 47.

### A.    Legal Standard For Motion To Withdraw Deemed Admissions.

Federal Rule of Civil Procedure 36(a) states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a). "Any matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). The Court may permit withdrawal of an admission if the withdrawal "1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 244 (5th Cir. 2014) (quoting *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001)).

However, "[e]ven if a party establishes these two factors, the district court retains discretion to deny a request to withdraw an admission, and admissions on file may be an appropriate basis for granting summary judgment." *Id.* (same at 419–20). The Fifth Circuit has determined that a court acts within its discretion in considering

the diligence of the party seeking withdrawal. *Le v. Cheesecake Factory Rests. Inc*.,

No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007) (citing *Covarrubias*

*v. Five Unknown INS/Border Patrol Agents,* 192 F. App'x 247, 248 (5th Cir. 2006)

(per curiam)).

### B.    Presentation of Case on the Merits.

Plaintiff argues that allowing her to withdraw the deemed admissions would

serve the presentation of the merits because upholding the admissions would

eliminate any presentation of the merits of her claims and because the record

evidence contradicts the deemed admissions. ECF No. 53 at 3, 4–6.

Regarding the first factor,

> a court should consider whether refusing to permit withdrawal or amendment
> would have the practical effect of eliminating any presentation of the merits
> of the case, whether the admission is contrary to the record of the case,
> whether the admission is no longer true because of changed circumstances,
> and whether a party has made an honest error.

*Onosode*, 2022 WL 19380561, at *3 (quoting *Powerhouse Prods., Inc. v. Widgery*,

No. 4:07-cv-071, 2008 WL 4331480, at *2 (E.D. Tex. Sept. 17, 2008) (internal

citation omitted)).

For four of the purported admissions, the Court need not determine whether

the first factor has been satisfied because "[r]equests for admission cannot be used

to compel an admission of a conclusion of law." *Allen v. Ocwen Loan Servicing,*

*LLC,* No. CV H-15-1672, 2015 WL 12778694, at *3 n.1 (S.D. Tex. Dec. 24, 2015)

6

(internal quotation marks omitted) (quoting *In re Carney*, 258 F.3d at 419). Requests for Admissions Nos. 2 ("Admit that Plaintiff did not request any Reasonable Accommodations for her disability"), 3 ("Admit that the Reasonable Accommodations requested by Plaintiff were unreasonable"), 4 ("Admit that Houston Methodist made all Reasonable Accommodations for Plaintiff's disability"), and 5 ("Admit that Plaintiff is not a qualified individual with a disability as defined by the Americans with Disabilities Act (ADA)"), ECF No. 47-1 at 25, ask for legal conclusions. *See Hernandez v. El Pasoans Fighting Hunger*, No. 22-50240, 2022 WL 18019437, at *6 (5th Cir. Dec. 30, 2022) (determining that statement on whether a "reasonable accommodation" was provided is a legal conclusion); *Onyenekwu v. Bd. of Supervisors for La. State Univ. & Agric. & Mech. Coll.*, No. CV 24-1976, 2025 WL 1115634, at *2 (E.D. La. Apr. 15, 2025) (holding that statement that Plaintiff was a "qualified individual with a disability under the ADA" is a legal conclusion). Therefore, the Court grants the motion to withdraw with respect to Requests for Admissions 2 through 5.

Request for Admission No. 13 asks "Admit that Plaintiff did not report or complain she was subjected to any discrimination on the basis of her disability prior to her termination from Defendant." Because complaining about discrimination on the basis of a disability constitutes a protected activity under the ADA, *Boshears v. Polaris Eng'g*, No. 3:22-CV-00053, 2023 WL 2844930, at *4 (S.D. Tex. Mar. 27,

2023), *adopted sub nom. Boshears v. Eng'g*, 2023 WL 3305165 (S.D. Tex. May 8, 2023) (first quoting *Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 551 (7th Cir. 2017); and then citing *Girasole v. Caliber Home Loans, Inc.*, No. 3:21-CV-01560-X, 2022 WL 3081576, at *2 (N.D. Tex. Aug. 3, 2022)), Plaintiff could be prevented from making any presentation of her case on the merits of her ADA retaliation claim if she is unable to withdraw this deemed admission.[6] Nonetheless, regardless of whether the potential elimination of one of Plaintiff's claims is sufficient to satisfy the first factor, the Court determines that Plaintiff's untimeliness warrants denying the requested relief.

### C.     Prejudice to Defendant.

For the second factor, "courts focus on 'the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial.'" *Adams Offshore Ltd. v. OSA Int'l, LLC*, No. CIV.A. H-09-0465, 2011 WL 4625371, at *13 (S.D. Tex. Sept. 30, 2011) (quoting *Le*, 2007 WL 715260, at *3 (internal citation omitted)). Some courts have held that "mere 'reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice,'" *id.* (quoting *Conlon v.*

---

[6] "To establish a *prima facie* case of unlawful retaliation under the ADA, the plaintiff must show that: (1) she engaged in an activity protected by the ADA, (2) she suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action." *Boshears*, 2023 WL 2844930, at *4 (quoting *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020)).

*United States*, 474 F.3d 616, 624 (9th Cir. 2007) (internal citations omitted)), but "additional aggravating facts" are present here. *Onosode*, 2022 WL 19380561, at *7. "Plaintiff did not move to withdraw the deemed admissions prior to Defendant filing its summary judgment motion despite having notice" for over a year "and further waited an additional [three] months to act." *Id.* Further, as mentioned above, Plaintiff's motion was filed three months after the discovery deadline. Shorter delays have been held prejudicial. *See NextGear Cap., Inc. v. Druien, Inc.*, No. 4:20-CV-959-BJ, 2021 WL 12315255, at *4 (N.D. Tex. Nov. 2, 2021) (denying motion to withdraw deemed admissions where motion was filed a month after discovery deadline and several weeks after the summary judgment motion was filed).

Plaintiff argues that "[s]ince there is currently no trial date scheduled, it would be unlikely that any such [additional] discovery would cause delay to this proceeding." ECF No. 53 at 3. However, Plaintiff ignores the docket call date of July 11, 2025, ECF No. 42, which may precede an actual trial date by only a matter of days. Allowing Plaintiff to withdraw its admissions approximately three months before a potential trial date is prejudicial. *See NextGear Cap.*, 2021 WL 12315255, at *4 (holding that motion to withdraw deemed admissions being filed five months before trial was one of the reasons why granting the motion would "greatly prejudice" the opposing party). Therefore, the Court denies Plaintiff's motion to withdraw the remainder of the deemed admissions.

## III.   PLAINTIFF'S MOTION TO AMEND IS DENIED BECAUSE OF UNDUE DELAY AND PREJUDICE.

On April 7, 2025, Plaintiff filed her motion for leave to file an amended complaint to add HMPO as a defendant. ECF No. 52. The deadline to amend pleadings expired on January 12, 2024 as ordered in the original Docket Control Order, ECF No. 18, more than a year before the motion was filed. The parties did not request that deadline be extended when they jointly moved to continue the deadlines. Order, ECF No. 25; Jt. Mtn., ECF No. 24. It was not extended in the 2d Am. Scheduling Order, ECF No. 42, after the Defendant filed an unopposed motion to extend the motion deadlines and docket call, ECF No. 40.  It was not extended in the most recent amendment to the schedule. Am. Scheduling Order, ECF No. 51.

In opposing amendment, Defendant argues that Rule 16(b), rather than Rule 15(a), should apply because "[w]hen the scheduling order deadline has passed, a movant must first meet the more demanding Rule 16(b) 'good cause' standard before the more liberal standard of Rule 15(a) applies." ECF No. 56 at 4 (citing *Fahim v. Marriott Hotel Servs., Inc.,* 551 F.3d 344, 348 (5th Cir. 2008)). Plaintiff seeks leave under the more lenient standard of Rule 15(a).

### A.   Legal Standard for Motion for Leave to Amend.

"Under *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA,* Rule 16(b) governs the amendment of pleadings after a deadline in a scheduling order has expired: 'Only upon the movant's demonstration of good cause to modify the

10

scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.'" *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (quoting 315 F.3d 533, 536). "Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (internal citation and internal quotation marks omitted)).

"Leave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Id.* (same (internal citation and internal quotation marks omitted)). "The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., and futility of the amendment.'" *Id.* (same (internal citation omitted)).

## B. Plaintiff's Undue Delay Bars Amendment Regardless of Which Rule Applies.

Defendant's position that Rule 16(b) controls is inconsistent with the position it took when it sought permission to amend its answer under Rule 15, which was

filed seven months after the deadline to amend pleadings. *See* ECF No. 26. [7]

Therefore, Defendant is judicially estopped from making its argument that Rule 15

is inapplicable.

However, even if the more lenient standard under Rule 15 applies, Plaintiff's

filing of the motion at this juncture constitutes undue delay, and granting the motion

would result in undue prejudice to Defendant. Plaintiff waited until almost three

months after the close of discovery and dispositive motions deadline to move for

leave to amend. *See* ECF Nos. 42, 52. Although this is not a situation where the

plaintiff necessarily had awareness of the facts—here, HMPO allegedly being

Plaintiff's employer—at the outset of the lawsuit, *see, e.g., Salcetti v. AIG Prop.*

---

[7] When moving for leave to amend its answer after the original docket control order deadline for amending pleadings had passed, Defendant acknowledged that it sought leave after the deadline to amend pleadings had passed. In its motion, Defendant relied on Rule 15(a) as the standard for leave to amend pleadings. ECF No. 26 at 2. "Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation." *Keathley v. Buddy Ayers Constr., Inc.*, No. 24-60025, 2025 WL 673434, at *4 (5th Cir. Mar. 3, 2025) (quotation marks omitted) (quoting *Allen v. C & H Distrib., L.L.C.*, 813 F.3d 566, 572 (5th Cir. 2015) (internal citations omitted)). "The purpose of the doctrine 'is to protect the integrity of the judicial process, by preventing parties from playing fast and loose with the courts to suit the exigencies of self[-]interest.'" *Id.* (same (cleaned up)). "Judicial estoppel has three elements: (1) The party against whom it is sought has asserted a legal position that is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Id.* (same (internal citation omitted)). Here, Defendant asserted a legal position (Rule 15's inapplicability to Plaintiff) that is plainly inconsistent with a prior position (Rule 15's applicability to Defendant). In addition, the Court previously accepted the prior position granting Defendant's motion for leave to amend its answer. Order, ECF No. 31. Finally, Defendant cannot make a genuine argument of inadvertence, considering that it has been aware for almost a year that the Court accepted its former argument. *See Royal Ins. Co. of Am. v. Caliber One Indem. Co.*, No. CV H-03-0852, 2008 WL 11503567, at *4 (S.D. Tex. Mar. 24, 2008) (holding that there was no inadvertence where party was aware for an extended period that the court had accepted its former argument when it reached its decision).

*Cas. Co.*, No. CV 4:19-01184, 2020 WL 13413220, at *3 (S.D. Tex. Dec. 8, 2020) (knew prior to lawsuit), Defendant notified Plaintiff's counsel that HMPO was Plaintiff's employer on June 24, 2024, and then sought leave to amend its answer to assert this as an affirmative defense, ECF No. 26. The Court granted Defendant's motion, ECF No. 31, and it filed its First Amended Answer on July 24, 2024, ECF No. 32. Therefore, Plaintiff's attempted amendment more than eight months after knowing HMPO should potentially be added as a defendant and just "months before docket call will unduly prejudice Defendant and cause an unreasonable delay in these proceedings. At this stage, if [a] new [defendant was] joined in the lawsuit, discovery would have to be re-opened and pretrial deadlines would have to be reset." *Naranjo v. Cont'l Airlines, Inc.*, No. CV H-12-657, 2013 WL 12156436, at *1 (S.D. Tex. July 24, 2013) (denying motion for leave to amend filed four months before docket call for being unduly prejudicial).

Therefore, Plaintiff's motion for leave to amend is denied.

## IV. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE PLAINTIFF FAILS TO RAISE A GENUINE DISPUTE OF MATERIAL FACT ON ANY OF HER CLAIMS, AND DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

### A. LEGAL STANDARD FOR MOTION FOR SUMMARY JUDGMENT.

Summary judgment is appropriate when the movant has established that the pleadings, affidavits, and other evidence available to the court demonstrate that no

genuine issue of material fact exists, and the movant is thus entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (internal quotation omitted). A fact is material "if and only if proof of its existence might affect the outcome of the case." *Roy v. City of Monroe*, 950 F.3d 245, 254 (5th Cir. 2020).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion[ ] and identifying those portions of [the record] which it believes demonstrate the absence of a genuine [dispute] of material fact." *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enter., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). "Once the moving party has initially shown 'that there is an absence of evidence to support the non-moving party's cause,' the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Hous. v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002)). "Summary judgment cannot be defeated through '[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation.'" *Acker v. Gen. Motors, L.L.C.*, 853 F.3d

784, 788 (5th Cir. 2017) (quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002)).

When ruling on a motion for summary judgment, the Court views all facts and inferences in the light most favorable to the nonmoving party and resolves all disputed facts in favor of the nonmoving party. *Rodriguez v. City of Laredo*, 459 F. Supp. 3d 809, 814 (S.D. Tex. 2020). The Court "may not make credibility determinations or weigh the evidence" in ruling on a summary-judgment motion. *Id*. (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

**A.    There is a Fact Issue as to Whether Defendant Was Plaintiff's Employer.**

Defendant's first argument is that it is not the correct defendant. However, the summary judgment evidence contradicts this argument.

"[Plaintiff] has at least shown a factual dispute material to whether [Defendant] acted as one of her employers." *Olicia v. Methodist Hosp.*, No. CV H-21-1184, 2022 WL 209279, at *7 (S.D. Tex. Jan. 24, 2022). "A number of documents refer to [Houston Methodist], either in addition to or instead of [HMPO], as her employer." *Id.*; ECF Nos. 54-8 at 6–7 (New York Life Insurance letter identifying Plaintiff as employee and stating that "[l]eaves of absence are administered under your employer's, Houston Methodist, Leave of Absence Policy HR 29"); Def.'s EEOC Position Statement, 54-24 at 6 ("On or about November 13, 2020, Houston Methodist hired Charging Party as a Patient Access Scheduler."). "The policies she allegedly violated are those of [Houston Methodist]." *Olicia*, 2022

WL 209279, at *7; ECF No. 54 at 15 (citing ECF No. 47 at 24) ("[S]he was terminated pursuant to Houston Methodist HR 29 policy."). Therefore, "[t]he record is sufficient, for the purposes of summary judgment, to treat [Defendant] as her employer." *Olicia*, 2022 WL 209279, at *7.

### B.    Plaintiff Exhausted Her Administrative Remedies.

Next, Defendant argues that Plaintiff failed to exhaust her administrative remedies as required under the Texas Commission on Human Rights Act ("TCHRA") and ADA because her claims fall outside the scope of her EEOC charge. *See* ECF No. 47 at 14–15, 18. Specifically with respect to the retaliation claim, Defendant argues that in the EEOC charge Plaintiff "alleges no protected activity under the TCHRA that would give rise to a disability retaliation claim." ECF No. 60 at 10.

"Because TCHRA 'parallels the language of the [ADA],' Texas courts follow ADA law in evaluating TCHRA discrimination claims." *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 578 n.16 (5th Cir. 2020) (quoting *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285–87 (5th Cir. 2004)). "Before a plaintiff may file suit in federal court under either Title VII or the ADA, the plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC." *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021) (citing *Melgar v. T.B.*

*Butler Publ'g Co.*, 931 F.3d 375, 378–79 (5th Cir. 2019) (per curiam) (internal citations omitted)).

In her EEOC charge, Plaintiff checked off the box for "disability" under "disability based on" and referenced the ADA. ECF No. 47-3 at 2, 4. "Thus, Defendant was on notice of [Plaintiff's] claim under the ADA for disability discrimination and any like or related discrimination within the scope of the EEOC investigation that would reasonably be expected to grow out of that charge." *Eaton-Stephens v. Grapevine Colleyville Indep. Sch. Dist.*, No. 4:15-CV-582-BJ, 2016 WL 10950680, at *9 (N.D. Tex. Oct. 7, 2016) (citing *Williams v. Westway Ford*, No. CIV.A.3:04-CV-2696-K, 2006 WL 1457540, at *4 (N.D. Tex. May 23, 2006)) (holding that checked off "disability" box and ADA reference sufficiently satisfied exhaustion of administrative remedies).

Plaintiff also checked off "retaliation" and stated in the EEOC charge that she was retaliated against. ECF No. 47-3 at 2, 4. Less has been held sufficient to satisfy exhaustion of administrative remedies. *Longoria v. Via Metro. Transit*, No. SA-21-CV-01171-JKP, 2022 WL 1445396, at *6 (W.D. Tex. May 6, 2022) (first citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 463 (5th Cir. 1970); and then citing *Miller v. Sw. Bell Tel. Co.*, No. 01-21318, 2002 WL 31415083, at *6–7 (5th Cir. Oct. 7, 2002)) (holding that, where disability discrimination and retaliation boxes were checked in EEOC charge, and "Plaintiff d[id] not provide any narrative

of the factual basis of these allegations," investigation "could reasonably be expected to grow out of the initial charges").

Thus, Plaintiff has sufficiently exhausted her administrative remedies.

## C.    Plaintiff Failed To Establish A Fact Question As To Her Disability Discrimination Claim.

"To establish a *prima facie* discrimination claim under the ADA, a plaintiff must prove: (1) that [s]he has a disability; (2) that [s]he was qualified for the job; [and] (3) that [s]he was subject to an adverse employment decision on account of h[er] disability." *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) (internal quotation marks omitted) (quoting *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999)).

The first element that Plaintiff has a disability is not in dispute. Defendant relies on the alleged deemed admissions that Plaintiff was "not a qualified individual with a disability as defined by the Americans with Disabilities Act (ADA)" and then states, "[i]n other words, even assuming Plaintiff was disabled..." ECF No. 47 at 13. Because the Court has already ruled that this admission cannot be deemed admitted because it involves a legal conclusion, and Defendant does not otherwise include any argument that Plaintiff is not disabled, the Court regards the question of whether Plaintiff has a disability as undisputed.

The second element requires Plaintiff to show that either (1) "[Plaintiff] could 'perform the essential functions of the job in spite of [her] disability,' or, if she could

18

not, (2) that 'a reasonable accommodation of [her] disability would have enabled [her] to perform the essential functions of the job.'" *E.E.O.C.*, 773 F.3d at 697 (quoting *Turco v. Hoechst Celanese Corp.,* 101 F.3d 1090, 1093 (5th Cir. 1996) (per curiam) (internal citation omitted)). "A function is 'essential' if it bears 'more than a marginal relationship' to the employee's job." *Id.* (quoting *Chandler v. City of Dall.,* 2 F.3d 1385, 1393 (5th Cir. 1993), *holding modified on other grounds as discussed in Kapche v. City of San Antonio,* 304 F.3d 493 (5th Cir. 2002) (per curiam)).

The pleadings and evidence do not suggest that Plaintiff was qualified for the job. In her complaint, Plaintiff merely states that "Plaintiff was qualified for the position as Patient Access Scheduling Representative." ECF No. 1-1 ¶ 47. "[A] conclusory statement about an individual's qualification is insufficient for summary judgment purposes." *Equal Emp. Opportunity Comm'n v. Methodist Hosps. of Dallas*, 218 F. Supp. 3d 495, 503 (N.D. Tex. 2016) (citing *Cannizzaro v. Neiman Marcus, Inc.*, 979 F. Supp. 465, 476 (N.D. Tex. 1997)); *Young v. Polk*, No. 520CV00087RWSCMC, 2021 WL 5149797, at *2 (E.D. Tex. Nov. 4, 2021) (first citing *Caldwll v. Quarterman*, No. 3:04-cv-2166, 2007 WL 4335465 (N.D. Tex. Dec. 12, 2007); and then citing *Davidson v. Tex. Dept. of Crim. J., Institutional Div.*, 91 F. App'x 963 (5th Cir. 2004)) ("The conclusory assertion that one is a qualified individual under the Americans with Disabilities Act is not sufficient to

set out a claim under the Act.").

Moreover, Plaintiff was approved for FMLA leave on April 26, 2022. ECF No. 54 at 10 (citing ECF No. 54-8 at 1–8) ("Simonton applied for Intermittent FMLA, which was approved on April 26, 2022."). The Fifth Circuit has stated that "an employee seeking FMLA leave is by nature arguing that he *cannot* perform the functions of the job, while an employee requesting a reasonable accommodation communicates that he *can* perform the essential functions of the job." *Acker*, 853 F.3d at 791–92 (emphases in original).

In seeking FMLA leave, Plaintiff represented that she could not perform the functions of her job. Although in her deposition Plaintiff said she requested an accommodation on April 28, 2022, for Defendant to transport her work equipment from her vehicle to Defendant's facilities for technical support, ECF No. 47-2 at 32–33, her FMLA leave request was made at least two days before her accommodation request. ECF No. 54 at 10 (citing ECF No. 54-8 at 1–8). In other words, Plaintiff's inability to perform the functions of her job was already demonstrated before, and was separate from, her alleged need for physical assistance in obtaining technical support. Further, Plaintiff has offered no evidence detailing the essential functions of the Patient Access Scheduling Representative position and how any given accommodation, e.g., helping Plaintiff carry her equipment in for service, would allow her to perform her job duties. Thus, Plaintiff has failed to show that a

reasonable accommodation would have allowed her to perform the essential functions of her job.

Therefore, Defendant is entitled to summary judgment on Plaintiff's ADA discrimination claim.

### D.    Plaintiff Failed to Establish a Fact Question as to Retaliation Related to Her Disability.

Plaintiff alleges that Defendant retaliated against her by demoting her for reporting harassment and discrimination "due to her disability and FMLA approval." ECF No. 1-1 ¶ 53. Defendant argues that Plaintiff failed to allege any protected activity that would give rise to a disability retaliation claim. ECF No. 60 at 10.

To establish retaliation under the ADA, a Plaintiff must prove: "(1) she engaged in an activity protected by the ADA; (2) an adverse employment action occurred; and (3) a causal connection exists between the protected act and the adverse action." *Credeur v. La. Through Off. of Att'y Gen.*, 860 F.3d 785, 797 (5th Cir. 2017) (citing *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999)). Protected activity includes "oppos[ing] any act or practice made unlawful by [the ADA]." *Lyons*, 964 F.3d at 303–04 (quoting 42 U.S.C. § 12203(a)).

Neither obtaining FMLA leave nor complaining about discrimination or harassment regarding the FMLA is a protected activity under the ADA. *See Brackens v. Dallas Indep. Sch. Dist.*, No. 3:09-CV-0642-D, 2010 WL 5464823, at *20 (N.D. Tex. Sept. 20, 2010), *adopted*, No. 3:09-CV-0642-D, 2010 WL 5485886

(N.D. Tex. Dec. 30, 2010) (citing *Price v. City of Terrell,* 2001 WL 1012697, at *4 (N.D. Tex. Aug. 15, 2001)) ("[T]his Court has held that an FMLA request is not protected activity under the ADA."); *Morris v. Tex. Health & Hum. Servs. Comm'n,* No. CV H-16-3116, 2019 WL 3752762, at *10, *12 (S.D. Tex. Aug. 8, 2019) (granting summary judgment on retaliation claim where Defendant argued that "complaining about harassment regarding FMLA is not protected activity under Title VII" [8]); *Zimmerman v. Gruma Corp.*, No. 3:11-CV-01990-L, 2013 WL 3154118, at *17 (N.D. Tex. June 21, 2013) (holding that Plaintiff failed to state a *prima facie* case for retaliation under the ADA where she "complained of FMLA abuse").

However, complaining about harassment and discrimination based on a disability is a protected activity under the ADA. *See Boshears*, 2023 WL 2844930, at *4 (first quoting *Frakes*, 872 F.3d at 551; and then citing *Girasole*, 2022 WL 3081576, at *2) ("Protected activities are those statutorily protected under the ADA, including opposing or complaining about discrimination based on disability." (internal quotation marks omitted)).

---

[8] "In the Fifth Circuit, the court 'applies the same analysis to ADA and Title VII retaliation claims.'" *Sambrano v. United Airlines, Inc.*, 707 F. Supp. 3d 652, 668 (N.D. Tex. 2023), *reconsideration denied*, 347 F.R.D. 155 (N.D. Tex. 2024) (quoting *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999)).

Plaintiff alleges that she complained to Welch and Senior Human Resources Generalist David Marshall ("Marshall"), about discrimination on the basis of her alleged disability. ECF No. 54 at 10, 11–12. However, while Plaintiff alleges that she complained to Welch about Pauling's "obituary" comment,[9] *id.* at 10, the part of the record that Plaintiff cites to (ECF No. 54-2 at 27–30) does not specify this comment. [10] Further, Plaintiff's allegations that she "explained [to Welch] her concerns with the way she was being treated" and her citations to the record do not show that she was complaining about discrimination on the basis of a disability. *See* ECF No. 54 at 10 (citing ECF No. 54-2 at 29, 36). Although the citation on ECF No. 54-2 at 36 states "[i]ntimidation and retaliation regarding my need for physical assistance with getting my scooter in and out of the car or transporting equipment," "need for physical assistance" alone is not a protected activity under the ADA. *See* 42 U.S.C. § 12203(a).

Regarding Plaintiff's allegation that she complained to Marshall "that she felt she was subjected to discrimination…due to her…disability," ECF No. 54 at 11–12

---

[9] Plaintiff refers to this comment in various parts of her opposition (including the exhibits). As alleged in the opposition, Pauling said that "Like I always say, we'll have your job posted before your obituary." ECF No. 54 at 10 (citing ECF No. 54-1 at 28). But as stated in Plaintiff's supplemental response to an interrogatory question, the comment is "Like I always say, they'll have your job posted before your obituary, so you have to take care of you." ECF No. 54-2 at 22.

[10] Welch also stated in her deposition that she was not made aware of such a comment. ECF No. 54-4 at 21.

(first citing ECF No. 54-14 at 1–3; then citing ECF No. 54-2 at 21, 30; and then citing ECF No. 54-3 ¶ 10), none of her citations specify that she was complaining about discrimination on the basis of a disability. All of Plaintiff's other allegations regarding complaints, *see id.* at 16–17, similarly fail to reveal discrimination or harassment based on a disability.[11]

Plaintiff's filing of her EEOC charge, however, does constitute protected activity under the ADA. *Armstrong v. Marathon Petroleum Co., LP*, No. 3:16-CV-00115, 2018 WL 2976732, at *8 (S.D. Tex. May 1, 2018), *adopted*, No. 3:16-CV-00115, 2018 WL 2967327 (S.D. Tex. June 13, 2018) (citing *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998)) ("[Plaintiff] also argues that his EEOC charge of discrimination constitutes protected activity. As a legal matter, he is absolutely correct.").[12]

---

[11] Plaintiff points to alleged discrimination and retaliation complaints to Pauling and Marshall. ECF No. 54 at 16. However, that citation only indicates "her complaints that she was not being treated properly," without specifying mistreatment on the basis of a disability. *Id.* She also points to alleged complaints to Preston Miller concerning the "unfair demotion and requirement to return to work, FMLA retaliation, and bias." *Id.* However, these also do not specify mistreatment based on a disability, and as previously noted, obtaining FMLA leave is not a protected activity under the ADA. Similarly, Plaintiff's alleged complaint that Pauling's decision to make her come back in the office has only further complicated her plan to return does not indicate mistreatment based on a disability. *Id.*

[12] Plaintiff's requests for accommodations may constitute protected activity under the ADA. *Garner v. Chevron Phillips Chem. Co., L.P.*, 834 F. Supp. 2d 528, 541 (S.D. Tex. 2011) ("Where an employee has a good faith belief that he is disabled or perceived as disabled, making a request for a reasonable accommodation under the ADA may constitute engaging in a protected activity." (internal citation omitted)). However, because these were not included as protected activities under her ADA retaliation cause of action, they are not properly before the Court. *See Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (citing *Fisher v. Metropolitan Life Ins. Co.,* 895 F.2d 1073, 1078 (5th Cir. 1990)) ("A claim which is not raised in the complaint but, rather,

The next question is whether Plaintiff's reassignment to the RMC as a Scheduler constitutes an adverse employment action under the ADA. "The definition of an adverse employment action in the retaliation context is broader than in the discrimination context." *Hancock v. Securitas Sec. Servs. USA, Inc.*, No. SA-20-CV-00785-ESC, 2022 WL 675821, at \*10 (W.D. Tex. Mar. 4, 2022) (citing *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 945–46 (5th Cir. 2015)). "In a retaliation case, the employment action need not be an 'ultimate employment decision,' so long as it is 'materially adverse,' in that a reasonable employee subjected to such action would be dissuaded from making or supporting a charge of discrimination.'" *Id.* (same at 945 (internal quotation omitted)).

Reassignment to a less prestigious position without a reduction in pay can constitute an adverse employment action. *White v. Gov't Emps. Ins. Co.*, 457 F. App'x 374, 379 n.22 (5th Cir. 2012) (first citing *Forsyth v. City of Dallas,* 91 F.3d 769, 774 (5th Cir. 1996); and then citing *Click v. Copeland*, 970 F.2d 106, 110 (5th Cir. 1992)). "[A]n employee at least must show that his reassignment of duties 'proves objectively worse—such as being less prestigious or less interesting or providing less room for advancement.'" *Rizzo v. Children's World Learning Centers, Inc.*, 213 F.3d 209, 216 (5th Cir. 2000) (quoting *Sharp v. City of Hous.,* 164 F.3d 923,

---

is raised only in response to a motion for summary judgment is not properly before the court."). Therefore, the Court proceeds with its analysis of the retaliation claim only with respect to the charge of discrimination.

933 (5th Cir. 1999)).

Plaintiff asserts that the transfer to the RMC was a demotion because "[i]t was a less prestigious position and required Plaintiff to work in person, perform substantially more work for the same pay, and to travel nearly an hour to work, which interfered with Plaintiff's family obligations." ECF No. 54 at 12 (citing Simonton Depo., ECF No. 54-1 at 33–34). Plaintiff stated that her previous position was presented to her as more prestigious: "It was more focused on excellent customer service skills...and the clients were paying for the services...everyone pays for their insurance, but everybody was calling in on the RMC line..." ECF No. 54-1 at 34. Regarding travel time, although a longer commute alone does not constitute an adverse employment action, the longer commute in conjunction with the less prestigious position supports a finding that this transfer was a demotion. *See Cooper v. United Parcel Serv., Inc.*, 368 F. App'x 469, 474–75 (5th Cir. 2010).

The Court must now determine whether there is a causal connection between Plaintiff's protected activity of filing the EEOC charge and the demotion. The EEOC charge was filed on September 16, 2022. The demotion, which occurred on June 21, 2022, preceded the EEOC charge. Therefore, Plaintiff's protected activity could not have caused the demotion. *Gardner-Douglas v. Tunsel*, No. 4:23-CV-04207, 2024 WL 3976855, at *5 (S.D. Tex. Aug. 27, 2024) ("[S]he did not file her EEOC charge until after the termination of her employment...which means that the protected

activity followed the adverse employment action—and thus that the protected activity did not cause the adverse employment action."). "And, even assuming that the adverse employment action was [her termination on November 7, 2022],[13] [Plaintiff] has not alleged that that action was in any way connected to her filing an EEOC charge, let alone that one had a causal connection with the other." *Id.*

Therefore, summary judgment should be granted in Defendant's favor on Plaintiff's ADA retaliation claim.

### E.    Plaintiff Does Not Oppose Summary Judgment on Her Interference with FMLA Rights Claim.

Plaintiff indicated in her response to the summary judgment motion that she "does not oppose Houston Methodist's Motion as to her FMLA interference claim." ECF No. 54 at 7. Thus, the Court treats the facts in the summary judgment motion as undisputed and may grant summary judgment if those facts would entitle Defendant to judgment as a matter of law. *Danos v. Union Carbide Corp.*, 541 F. App'x 464, 466 (5th Cir. 2013) ("If a party fails to oppose a motion for summary judgment, then the district court is permitted to consider the facts listed in support of the motion as undisputed and grant summary judgment if those facts would entitle

---

[13] In her response to the summary judgment motion, Plaintiff claims for the first time with respect to her ADA retaliation claim that she suffered adverse employment actions in addition to her demotion, such as her termination. ECF No. 54 at 22. Again, "[w]hen a claim is raised for the first time in response to a motion for summary judgment, it is not properly before the court and may be disregarded." *Cutrera*, 429 F.3d at 113 (citing *Fisher*, 895 F.2d at 1078); *Green v. JP Morgan Chase Bank, NA*, 562 F. App'x 238, 240 (5th Cir. 2014). Therefore, the Court only addresses the adverse employment action claimed in the complaint—her demotion.

the movant to judgment as a matter of law.").

To establish a *prima facie* case of FMLA interference, Plaintiff must show that "(1) [s]he was an eligible employee; (2) h[er] employer was subject to FMLA requirements; (3) [s]he was entitled to leave; (4) [s]he gave proper notice of h[er] intention to take FMLA leave; and (5) h[er] employer denied h[er] the benefits to which [s]he was entitled under the FMLA." *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017) (citing *Lanier v. Univ. of Tex. Sw. Med. Ctr.*, 527 F. App'x 312, 316 (5th Cir. 2013) (internal citation omitted)). "[A]n employee taking intermittent leave must notify her employer as soon as practicable of her intent to take FMLA leave on particular dates if those dates were initially unknown." *Harville v. Tex. A & M Univ.*, 833 F. Supp. 2d 645, 653 (S.D. Tex. 2011) (citing 29 C.F.R. § 825.302(a)).

Defendant states, in its motion, that Plaintiff never informed anyone at Houston Methodist she intended to use her intermittent FMLA leave on April 28, 2022, the date of the conference Plaintiff attended.  ECF No. 47 at 21–22. In other words, Plaintiff failed to give proper notice of her intention to take FMLA leave. Moreover, Plaintiff admits that the conference was scheduled before she was approved for intermittent leave. ECF No. 47-2 at 28–29.

Thus, summary judgment should also be granted in favor of Defendant on Plaintiff's FMLA interference claim.

### F.    Plaintiff's FMLA Retaliation Claim Should Be Dismissed.

To make a *prima facie* showing of FMLA retaliation, Plaintiff must show that she (1) was protected under the FMLA; (2) suffered an adverse employment action; and (3) was treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because she sought protection under the FMLA. *Murillo v. City of Granbury*, No. 22-11163, 2023 WL 6393191, at *3 (5th Cir. Oct. 2, 2023) (quotation marks omitted) (quoting *Mauder v. Metro. Transit Auth. of Harris Cnty.*, 446 F.3d 574, 580 (5th Cir. 2006)). "If the employee demonstrates a *prima facie* case, the burden then shifts to the employer to present legitimate, nonretaliatory reasons for the adverse action." *Id.* (citing *Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 521, 528 (5th Cir. 2021)). "If the employer submits such reasons, the burden shifts back to the employee to show that those reasons are pretextual." *Id.* (quotation marks omitted) (same at 521).

The parties do not dispute that Defendant allowed Plaintiff to go on FMLA leave, thus demonstrating that Plaintiff was protected under the FMLA and therefore satisfying the first prong. *See* ECF No. 47 at 22–23; *Murillo*, 2023 WL 6393191, at *4 ("Neither party disputes that [Defendant] allowed [Plaintiff] to go on FMLA leave, which demonstrates that [Plaintiff] was 'qualified for FMLA leave' and satisfies the first prong." (internal citation omitted)). Plaintiff's "termination constitutes an adverse employment action that satisfies the second prong." ECF

No. 47 at 24 ("[S]he was terminated…"); *Murillo*, 2023 WL 6393191, at *4 (citing *Campos*, 10 F.4th at 527).

The question is whether Plaintiff was terminated because she sought protection under the FMLA.[14] "To establish the third prong of a *prima facie* case of retaliation under the FMLA, 'the plaintiff does not have to show that the protected activity is the only cause of her termination.'" *Garcia v. Penske Logistics, LLC*, 165 F. Supp. 3d 542, 558 (S.D. Tex. 2014), *aff'd sub nom. Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204 (5th Cir. 2015) (quoting *Mauder*, 446 F.3d at 583). "A plaintiff must, however, 'show that the protected activity and the adverse employment action are not completely unrelated.'" *Id.* at 558–59 (same (internal citation omitted)). "All that is required is 'a causal connection between the protected activity and the discharge.'" *Id.* at 559 (quoting *Chaffin v. John H. Carter Co.*, 179 F.3d 316, 319 (5th Cir. 1999)). "When evaluating whether the adverse employment action was causally related to the FMLA protection, the court shall consider the 'temporal proximity' between the FMLA leave, and the termination." *Besser v. Texas Gen. Land Off.*, 834 F. App'x 876, 884 (5th Cir. 2020) (quotation marks omitted) (quoting *Mauder*, 446 F.3d at 583). "The Supreme Court has acknowledged that

---

[14] Because Plaintiff identifies her termination as the sole adverse employment action in her FMLA retaliation cause of action, *see* ECF No. 1-1 ¶ 9 ("To prevail, Plaintiff must prove by a preponderance of the evidence that…Defendant terminated employee for requesting to take part in the FMLA…"), the Court does not address the alleged paycheck error, ECF No. 1-1 ¶ 22, as an adverse employment action.

when the temporal proximity is 'very close,' proximity alone suffices to establish causation in a *prima facie* case of retaliation." *Id.* (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001)).

In *Besser*, the Fifth Circuit disagreed with its prior opinion in *Evans v. City of Hous.* about the adequacy of a four-month period between the protected activity and adverse employment action in satisfying the third prong. 834 F. App'x at 884 (quoting 246 F.3d 344, 354 (5th Cir. 2001)). Instead, the Fifth Circuit held that even "two and one-half months between the protected activity and the adverse employment decision, standing alone, is not within the 'very close' proximity that is necessary to establish causation." *Id.* at 885. Plaintiff notes that *Besser* is unpublished and thus non-binding, ECF No. 54 at 24. Even if this Court were to determine that it should rely on *Evans* instead, Plaintiff does not satisfy the four-month period discussed in *Evans*.

In her complaint, her *request* for FMLA is the protected activity. *See* ECF No. 1-1 at 9 ("Plaintiff must prove by a preponderance of the evidence that…Defendant terminated employee *for requesting to take part in the FMLA*…" (emphasis added)). Plaintiff's statement of facts alleges that "[o]n May 9, 2022, Simonton went on continuous FMLA leave," ECF No. 54 at 12, suggesting that she requested FMLA on or before that date. Given her termination on November 7, 2022, *id.* at 13, the period between her protected activity and the adverse employment

action would be at least six months. Thus, regardless of whether *Evans* or *Besser* applies, Plaintiff cannot establish causation based on temporal proximity alone.

Plaintiff argues that she does not rely on temporal proximity alone and states that evidence establishes that after she disclosed her intent to and did use FMLA leave, Pauling, Welch, and Marshall made comments from which a reasonable fact finder could find were linked to her FMLA leave. A reasonable fact finder could find, for example, that Pauling's "obituary" comment after Simonton told him she needed FMLA leave informed his subsequent revocation of Simonton's work from home status and decision to transfer her. Similarly, a reasonable fact finder could link Welch's discipline and demotion of Simonton to her disclosure that she "wanted to be available for work, but I also need time to see doctors for my illness…." ECF No. 54 at 23–24.

The Fifth Circuit has "allowed plaintiffs to show causation by relying on 'a chronology of events from which retaliation may plausibly be inferred.'" *Benfield v. Magee*, 945 F.3d 333, 338 (5th Cir. 2019) (quoting *Brady v. Hous. Indep. Sch. Dist.*, 113 F.3d 1419, 1424 (5th Cir. 1997) (internal quotation omitted)). "However, because the Court finds [Defendant] articulates a legitimate non-retaliatory reason for terminating [Plaintiff's] employment, the Court assumes without deciding that [Plaintiff] meets her burden of alleging a *prima facie* case." *Rodriguez v. Mental Health Mental Retardation Auth. of Harris Cnty.*, No. CV H-08-334, 2009 WL

10719444, at *5 (S.D. Tex. Mar. 17, 2009).

## G. Defendant Has a Legitimate and Non-retaliatory Reason for Termination.

Defendant's legitimate and non-retaliatory reason for terminating Plaintiff is that "Plaintiff didn't return to work after her leave of absence ended and she was terminated pursuant to Houston Methodist HR 29 policy."[15] ECF No. 47 at 24. HR 29 indeed states that "employment will be terminated if the employee fails to return to work at the end of the approved leave period, unless a request for extension is granted as a reasonable accommodation for a disability or the employee becomes protected under FMLA." System_HR2 Leaves of Absence Policy, ECF No. 47-7 at 2–3. Plaintiff admits that she exhausted her FMLA leave on August 1, 2022, and that "[o]n September 16, 2022, Houston Methodist informed Simonton that if she did not return to work on November 7, 2022, she would be terminated." ECF No. 54 at 12. Although Plaintiff states that she "requested her leave be extended as a reasonable accommodation," *id.* at 12–13, the evidence does not show that she was granted this extension, which was required to trigger the exception to her termination. ECF No. 47-7 at 2–3. Thus, Defendant has established a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

---

[15] Even Plaintiff cites this policy in her opposition. ECF No. 54 at 15 (quoting Defendant's summary judgment motion statement that "[s]he was terminated pursuant to Houston Methodist HR 29 policy").

### H.   Plaintiff Failed to Establish that Defendant's Reasons for Her Termination Were Pretext.

"The burden then shifts back to [Plaintiff] to rebut the reasons with substantial evidence, meaning evidence 'of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions.'" *Way v. City of Mo. City*, 133 F.4th 509, 524–25 (5th Cir. 2025) (quoting *Campos*, 10 F.4th at 529). "An employee can show pretext 'using *any* evidence that casts doubt on the credence of [the employer's] reason.'" *Id.* at 525 (emphasis in original) (quoting *Watkins v. Tregre*, 997 F.3d 275, 284 (5th Cir. 2021) (internal quotation omitted)). "An employer's 'reason is unworthy of credence if it is not the real reason for the adverse employment action.'" *Id.* (same (internal quotation omitted)). "Examples of evidence that can help demonstrate pretext include falsity of an employer's explanation for its action and close temporal proximity between an employee's protected activity and the employer's action." *Id.* (first citing *Gee v. Principi*, 289 F.3d 342, 348 (5th Cir. 2002); and then citing *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 335 (5th Cir. 2005)).

Plaintiff contends that Defendant's reason for her termination was pretextual because "Houston Methodist made it impossible for her to physically return to work and took steps to ensure that she would not be granted any additional leave in order to protect her job while she was physically unable to return." ECF No. 54 at 23–24 (citing *id.* at 12–13). Yet, Plaintiff omits from this argument the fact that when she

requested an extension of her leave, approval of which is required under HR 29 to avoid termination, she failed to follow up on the email conversation regarding her extension request. ECF No. 54-1 at 44. Plaintiff further argues that Pauling's "obituary" comment, Welch's "comments that Simonton should just give up because she was done helping her," and Marshall's "throwing a lot of things out" and "Simonton Saga" remarks are "probative of pretext," without specifying how. Plaintiff merely cites to *Garcia v. Pro. Cont. Servs., Inc.*, 938 F.3d 236 (5th Cir. 2019), which does not discuss employer comments, let alone ones comparable to the ones Plaintiff cites.

Rather, *Garcia* discusses temporal proximity in conjunction with "significant evidence of pretext," *id.* (quoting *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 409 (5th Cir. 1999)). As previously discussed, Plaintiff has not shown this temporal proximity. Further, based on the preceding alleged examples of pretext, Plaintiff has not "rebut[ted] the [legitimate, non-retaliatory reason for termination] with…evidence 'of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions.'" *Way*, 133 F.4th at 524–25 (quoting *Campos*, 10 F.4th at 529).

Thus, summary judgment should also be granted for Defendant on Plaintiff's FMLA retaliation claim.

**CONCLUSION**

Therefore, the Court **ORDERS** that Plaintiff's motion to withdraw deemed admissions, ECF No. 53, be **GRANTED** for Requests for Admissions Nos. 2–5 but otherwise **DENIES** the motion. Additionally, the Court **DENIES** Plaintiff's motion for leave to amend her complaint, ECF No. 52. Finally, the Court **RECOMMENDS** that Defendant's motion for summary judgment, ECF No. 47, be **GRANTED**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.** *Ortiz v. San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on June 9, 2025, at Houston, Texas.

**Dena Hanovice Palermo**
**United States Magistrate Judge**